52 F.3d 334
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Margarita Capulong PAHATI, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70913.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 3, 1995.*
Decided April 10, 1995.
 
 Before: NOONAN, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Margarita Capulong Pahati (Pahati) petitions for a review of the decision of the Board of Immigration Appeals (the Board) denying her appeal from an order of deportation. We deny the petition.
 
 ANALYSIS
 
 3
 Pahati has two sisters and a grandmother who legally reside in San Francisco. She also has cousins residing in Los Angeles. Her parents and the majority of her siblings live in the Philippines. She is not married and has no children. As Pahati acknowledges "the Board is not required under [Sec. 1254(a)(1) ] to consider the hardship to a third party other than a spouse, parent or child" who are either citizens or legal permanent residents of the United States. INS v. Hector, 479 U.S. 85, 88 (1986).
 
 
 4
 Pahati further contends that the Board abused its discretion by not properly considering her community ties and her acculturation to the United States. Among the ties that the Board failed to consider, according to Pahati, are her volunteer work, her involvement with the church, and her relationship with her boyfriend. Her contentions are answered by Villena v. INS, 622 F.2d 1352 (9th Cir.1980).
 
 
 5
 Pahati urges this court to find that the Board abused its discretion in failing to reach a reasoned conclusion regarding her employment prospects and resulting economic hardship. Specifically, she argues that the Board was conclusive and cursory in its finding that there was "no evidence that she would be unable to complete her coursework" in the Philippines and did not adequately consider the costs associated with obtaining her nursing degree in the Philippines rather than in the United States and her difficulty in finding a position as a geriatric nurse in the Philippines. Furthermore, according to Pahati, the Board did not consider the monthly payments of $100-$300 that Pahati has made to her family in the Philippines. She argues that if deported, she will become a burden on rather than a contributor to her family in the Philippines.
 
 
 6
 This court has said, "We believe that it may be a hardship for a person to be foreclosed from practicing his profession. However, we would distinguish between the inability to engage in a particular occupation and the inability to engage in any occupation as evidencing different degrees of hardship." Villena, 622 F.2d at 1358. Although Pahati has suggested in this appeal that she may have difficulty in finding work as a geriatric nurse, she has not presented any evidence about her inability to find any employment in the Philippines.
 
 
 7
 Pahati's final argument is that even if there is no single factor that rises to the level of extreme hardship, all of the factors in the aggregate should constitute extreme hardship. The Board, according to Pahati, reached its conclusion in a cursory manner without adequately considering the factors in the aggregate. However, even in the aggregate, none of the factors add up to extreme hardship, but, even together, fall seriously short of sustaining her position.
 
 
 8
 Accordingly, Pahati's petition is DENIED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3